IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES BOLAND, HENRY KRAMER, GERARD SCARANO, TIMOTHY DRISCOLL, GERALD O'MALLEY, EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, WILLIAM MCCONNELL, JOHN TRENDELL, and FRED KINATEDER as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND<br>    620 F Street, N.W.<br>    Washington, DC  20004<br>    (202) 783-3788,<br><br>    and<br><br>JAMES BOLAND, GERARD SCARANO, HENRY KRAMER, TIMOTHY DRISCOLL, EUGENE GEORGE, MATTHEW AQUILINE, FRED KINATEDER, GREGORY R. HESS, and ROBERT HOOVER as Trustees of, and on behalf of, the BRICKLAYERS AND ALLIED CRAFTWORKERS INTERNATIONAL HEALTH FUND<br>    620 F Street, N.W.<br>    Washington, DC  20004<br>    (202) 783-3788,<br><br>    and<br><br>JIM ALLEN, MATTHEW AQUILINE, JAMES BOLAND, DON BROWN, TED CHAMP, BRUCE DEXTER, TIMOTHY DRISCOLL, EUGENE GEORGE, GREGORY R. HESS, ROBERT HOOVER, FRED KINATEDER, MARK KING, HENRY KRAMER, KEN KUDELA, DAN KWIATKOWSKI, WILLIAM MCCONNELL, TIM MILLER, JIM O'CONNOR, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, JOSEPH SPERANZA, JEREMIAH SULLIVAN, JR., RICHARD TOLSON, and JOHN TRENDELL, as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE<br>    The James Brice House<br>    42 East Street<br>    Annapolis, MD  21401<br>    (410) 280-1305,<br><br>                  Plaintiffs, | Civil Action No: |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| CRYSTAL MARBLE COMPANY, INC. | ) |
| Serve: Clifford Brannon, Agent for Service of Process | ) |
|      5975 Steeplechase Boulevard | ) |
|      Cumming, GA 30040, | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund"), the fiduciaries of the Bricklayers and Allied Craftworkers International Health Fund ("IHF"), and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF, IHF, and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Sections 502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF, IHF, and IMI.

2. The IPF and IHF are administered in the District of Columbia, and the IMI is partly administered and managed in the District of Columbia. Venue for the claims asserted in

this lawsuit is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**Parties**

3. Plaintiffs, James Boland, Henry Kramer, Gerard Scarano, Timothy Driscoll, Gerald O'Malley, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, William McConnell, John Trendell, and Fred Kinateder are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF.

4. Plaintiffs, James Boland, Gerard Scarano, Henry Kramer, Timothy Driscoll, Eugene George, Matthew Aquiline, Fred Kinateder, Gregory R. Hess, and Robert Hoover are Trustees of, and sue on behalf of, the IHF. The IHF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IHF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IHF.

5. Plaintiffs, Jim Allen, Matthew Aquiline, James Boland, Don Brown, Ted Champ, Bruce Dexter, Timothy Driscoll, Eugene George, Gregory R. Hess, Robert Hoover, Fred Kinateder, Mark King, Henry Kramer, Ken Kudela, Dan Kwiatkowski, William McConnell, Tim

Miller, Jim O'Connor, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Joseph Speranza, Jeremiah Sullivan, Jr., Richard Tolson, and John Trendell, are Trustees of, and sue on behalf of, the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI.

6. Defendant Crystal Marble Company, Inc. ("Crystal Marble") is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of Georgia.

7. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftworkers and its affiliated local unions ("Union").

**Violation Charged**

8. Crystal Marble, acting through its authorized agents, representatives, or officers, is bound by execution, consent, or conduct to collective bargaining agreements with the Union, including the agreements annexed hereto as Exhibits A and B which is hereinafter referred to as the "Agreements."

9. Pursuant to the Agreements, Defendant agreed to make certain payments to the IPF, IHF, and IMI for each hour of covered work it performed.

10. Having submitted some contributions, Crystal Marble has demonstrated an awareness of the obligation to make those payments.

11. An examination of the books and records ("audit") of Crystal Marble conducted by the independent accounting firm of Calibre CPA Group PLLC covering the time period January 2009 through December 2011, revealed that Crystal Marble failed to properly submit required reports and contributions for covered work performed during the time period covered by the audit.

12. In addition, Defendant submitted required reports to the IPF, but failed to submit related contributions for covered work performed in May 2013. Based on Reports submitted by Defendant, the IPF has prepared a Recap of contributions due the IPF, IHF, and IMI for covered work performed during May 2013.

13. Defendant owes the IPF, IHF, and IMI a total of $25,928.89 in known delinquent contributions as determined by the audit (covering January 2009 through December 2011) and as determined by the IPF Recap (covering May 2013).

14. Under the terms of the Plan and Trust Agreements adopted by the IPF, IHF, and IMI, the Collection Procedures and ERISA, interest in the amount of $12,013.21 (calculated at the rate of 15 percent per annum from the Due Date of each payment) and an additional computation of interest in the amount of $12,000.54 (calculated at the rate of 15 percent per annum from the Due Date of each payment), and liquidated damages in the amount of $116.34 (calculated at the rate of 20 percent) have been assessed on the delinquent contributions due the IPF, IHF, and IMI as determined by the audit and by the IPF Recap.

15. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have

been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreement.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  For a total amount due of $53,692.27 which is constituted as follows:

    a.  For unpaid contributions due the IPF, IHF, and IMI in the amount of $25,928.89 as determined by the audit and IPF Recap, plus any and all additional amounts that accrue and/or are found to be due and owing through the date of judgment (ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A); Collection Procedures);

    b.  For interest the amount of $12,013.21 (calculated at the rate of 15 percent per annum from the Due Date of each payment) assessed on such delinquent contributions due the IPF, IHF, and IMI (ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B); Collection Procedures);

    c.  For an additional computation of interest in the amount of $12,000.54 (calculated at the rate of 15 percent per annum from the Due Date of each payment) and liquidated damages in the amount of $116.34 (calculated at the rate of 20 percent) assessed on such delinquent contributions due the IPF, IHF, and IMI (ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(D); Collection Procedures);

    d.  For the costs of filing this action in the amount of $400.00 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)); and

    e.  For the costs of conducting the audit in the amount of $3,233.29 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

DSMDB-3190875v3

2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing the attorney's fees and costs incurred in this action (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

3. That Defendant be directed to comply with its obligations to correctly report and to contribute to the IPF, IHF, and IMI all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

4. Such other relief as this Court deems appropriate, including judgment for any contributions and interest thereon that may accrue and/or found to be due and owing subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: September 24, 2013

By: _____
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006
(202) 420-2200
*Attorneys for Plaintiffs*